Laurence E. **BOSEANT**, Jr., Appellant,

v.

C. J. **FITZHARRIS**, Warden, et al., Appellees.

No. 20717.

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1966.

Laurence E. Boseant, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Robert R. Granucci, Robert S. Shuken, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before POPE, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellee moves to dismiss this appeal from the denial of appellant's petition for habeas corpus. The petition challenged the validity of a judgment and commitment entered by the Superior Court for the County of Orange, California, on November 21, 1962. Appellee states that appellant is also held under a judgment and commitment entered by the Superior Court for the county of Los Angeles, California, on August 13, 1959, and relied upon the rule that a writ of habeas corpus may not issue when the petitioner is held in custody under a judgment the validity of which he has not challenged. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); King v. State of California, 356 F.2d 950 (9th Cir. 1966).

Appellant responds that the California Adult Authority fixed his term under the 1959 judgment to expire in 1965, and that the period fixed has elapsed. The state points out that on December 26, 1962, appellant's parole under the 1959 judgment was revoked and his term of confinement under the 1959 conviction refixed to expire in 1969. However, appellant contends that this action was taken solely because of his 1962 conviction. "If that is correct, the fact that he is so confined would not bar him from applying for a writ of habeas corpus as he has." United States ex rel. Gaito v. Maroney, 324 F.2d 673, 674 (3d Cir. 1963), citing Ex parte Hull, 312 U.S. 546, 550, 61 S.Ct. 640, 85 S.Ct. 1034 (1941). See also Wilson v. Gray, 345 F.2d 282, 284 (9th Cir. 1965); Martin v. Commonwealth of Virginia, 349 F.2d 781, 783–784 (4th Cir. 1965). Thus, it would not be proper for us to dismiss the appeal in the face of appellant's assertion.

Turning to the merits, we conclude that the judgment below must be affirmed. Appellant's 1962 conviction was based upon his plea of guilty. His petition for habeas corpus focused upon issues of "illegally obtained confession, illegal detention, and illegal search and seizure" which were, of course, precluded by his plea. The only issue remaining to him was that his guilty plea was not freely and voluntarily entered but was the product of these alleged constitutional violations. Gilmore v. People of State of California, 364 F.2d 916 (9th Cir. 1966). But this issue was not clearly raised until appellant filed his briefs in this court (Hale v. Wilson, 364 F.2d 906 (9th Cir. 1966)), and it does not appear even in these papers that the issue was ever presented to a state court. Rose v. Dickson, 327 F.2d 27, 29–30 (9th Cir. 1964).

Affirmed.