196 So.2d 889 (1967)
Charles ELLZEY
v.
STATE of Mississippi.
No. 44517.
Supreme Court of Mississippi.
March 13, 1967.
Suggestion of Error Overruled April 10, 1967.
R. Jess Brown, Alvin J. Bronstein, Malcolm Farmer, III, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
On May 13, 1966, Charles Ellzey, filed a petition for a writ of error coram nobis in the Circuit Court of Pike County, Mississippi. His petition was filed in an effort to set aside a sentence of life imprisonment which had been adjudged against the petitioner on March 28, 1958, following a plea of guilty to a charge of murder.
The petition alleged that the prisoner was wrongfully convicted in that the indictment to which he pleaded guilty and his plea were void because Negroes had been systematically excluded from jury service in Pike County. He alleged that he had not waived his rights to raise that question by his plea of guilty. He admitted that he had attorneys in the trial court, but alleged that he had not been given effective assistance of counsel, because he was not advised that he could raise the proposition that Negroes had been previously systematically excluded from the grand and petit juries.
The trial court granted a hearing on the petition. The petitioner testified, and introduced other witnesses to show, that he had killed Howard Hawkins in an altercation one night at a place where he was "rabbit hunting"; that the deceased had shot and wounded the petitioner and that he shot the deceased in self-defense. Later, he surrendered to the officers, and after being interrogated by them, he gave a written statement with reference to the homicide. Thereafter he was indicted, and before he was arraigned the trial judge determined that the prisoner was indigent. He, therefore, appointed two lawyers to represent the defendant.
During the trial on the petition, the defendant waived the right to object to the *890 testimony of his attorneys and one of them testified that he had made an investigation of the case prior to the 1958 trial. The defendant first entered a plea of guilty and his attorneys made a motion for a special venire in accordance with the procedure of the trial court. This attorney testified that he found that the defendant had very little defense. He said, however, that he did not talk to one Mrs. Mattie Young, a witness who was procured on the coram nobis hearing, and who testified that the petitioner came to her house the night of the homicide and showed her his wounded hand and told her how he was wounded.
The officer, who was sheriff at the time the petitioner was apprehended and tried, testified that defendant's written statement was voluntarily made; that he looked at defendant's hand and it looked to him as if it were "brush marks." The petitioner offered certain records of the State Penitentiary with reference to treatment of his wounded hand. The petitioner was taken before a justice of the peace on a preliminary hearing and remanded to the custody of the sheriff to await the grand jury's investigation. Sometime after the preliminary hearing and before he was indicted, an attorney visited the defendant in jail. After defendant had pleaded "not guilty" and before his trial, he changed his plea to "guilty." The attorney for the defendant consulted with the prisoner during the original trial and was of the opinion that his guilty plea was made voluntarily.
After the hearing on the application for a coram nobis had been concluded, the circuit judge rendered his opinion. He reviewed the cases of United States ex rel. Goldsby v. Harpole, 263 F.2d 71 (5th Cir.1959), certiorari denied, 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78 (1959); Thompson v. State, 188 So.2d 239 (Miss. 1966); and Black v. State, 187 So.2d 815 (Miss. 1966); and the judge held in his written opinion that the defendant had been effectively represented by counsel in March 1958, but that the attorneys had "committed an honest and common oversight in failing to affirmatively advise the defendant of his right to challenge the panel." The trial court reached the conclusion that the opinions in the above-mentioned cases required him to quash the indictment and remand the defendant into custody of the Sheriff of Pike County to await further proceedings of another grand jury.
Our study of the record and authorities in this case has led us to a different conclusion in the solution of this problem from that announced by the learned trial judge.
An analysis of the cases above set out indicates that they are not analogous to the facts here involved; nor are they applicable to the solution of the legal issues here presented, for the reasons hereafter set out.
In the case of United States ex rel. Goldsby v. Harpole, supra, the United States appellate court pointed out that: "In ordinary procedural matters, the defendant in a criminal case is bound by the acts or nonaction of his counsel. That might extend to the waiver of the objection that Negroes were systematically excluded from the grand jury." 263 F.2d at 83. The Court then said: "It might extend to such a waiver even in capital cases, where the record affirmatively shows that the particular jury was desired by defendant's counsel after conscientious consideration of that course of action which would be best for the client's cause." 263 F.2d at 83. In that case, the Court held that Negroes had been systematically excluded from the grand and petit juries of Carroll County, Mississippi, but said: "(T)he objection as to the grand jury was waived, and the appellant is now legally detained upon his indictment for murder, but that he is entitled to be tried within a reasonable time * * *." 263 F.2d at 84.
It is apparent from the Goldsby case that by proceeding to trial on the charge presented even in a county where no Negroes were eligible for jury service, that the *891 defendant's attorney in that case effectively waived the objection as to the qualification of the grand jury and the validity of the indictment in that capital case, although it is said that the members of the grand jury were not constitutionally qualified. This opinion is in accord with the rule of procedure in this State that an objection to the defects in an indictment dehors the face thereof, "shall be taken by motion to quash the indictment, and not otherwise," before the issuance of a venire facias in capital cases. Miss. Code Ann. § 2450 (1956).
The opinions in Thompson and Black, supra, are not applicable here because in those cases the attorneys proceeded to trial with a jury which was not drawn according to the requirements of the Constitution of the United States and the Constitution of the State of Mississippi, without the consent of the defendant or by an effective waiver to require a qualified jury on the part of the defendant. Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965).
In the instant case, the court never reached a point in the trial when the State was required to present a constitutionally qualified jury to the defendant. The question of the qualification of the jury was never presented to the trial court, because the defendant pleaded guilty. The question as to whether or not there was available a qualified petit jury, or any jury at all, at the time the defendant pleaded guilty, is of no consequence at this time; because the prosecution never had an opportunity to present the defendant with a qualified jury at the time he pleaded guilty. If the contention of the appellee were correct and the defendant had moved the court to quash the jury panel, the court could have sustained the motion and promptly summoned a common-law jury. However, the defendant, acting in his own behalf, withdrew his plea of "not guilty" and entered a verbal plea of "guilty."
We are now called upon to hold that the attorney for the defendant made a mistake in permitting him to enter a plea of guilty rather than face a trial on the charge of murder in which he could have been executed.
Assuming the defendant's present version of the homicide had been available to the defense attorney eight years ago, and assuming the killing had occurred as the result of a sudden altercation so that the defense attorney had some reasonable prospect of obtaining a verdict of manslaughter, the defendant could have been sentenced to serve a maximum of twenty years in the State Penitentiary, (Miss. Code Ann. § 2233 (1956)), whereas on a sentence of life imprisonment, a convict is subject to parole in ten years. Miss. Code Ann. § 4004-03 (Supp. 1964). The petitioner has already served eight years of the required ten years for probation.
In any event, the question now to be determined is not whether or not the defendant might have been denied his constitutional right to have a qualified jury, had he gone to trial, but rather whether or not he was deprived of a fair trial because his attorney permitted him to plead guilty, or advised with him to the end that defendant was induced to plead guilty to a charge of which he was innocent.
Since the trial judge expressly decided, on the hearing on coram nobis, that the defendant had effective representation of counsel in March 1958, and based his judgment in the coram nobis hearing upon the cases of Goldsby, Thompson and Black, we deem it necessary to call attention to some cases in which the Federal Court has held that certain rights preserved by the Constitution may be foreclosed by a voluntary plea of guilty.
In the case of Boseant v. Fitzharris, 370 F.2d 105, 106 (9th Cir.1966), the Court pointed out that "Appellant's 1962 conviction was based upon his plea of guilty." The Court then said:
"His petition for habeas corpus focused upon issues of `illegally obtained confession, illegal detention, and illegal search and seizure' which were, of *892 course, precluded by his plea. The only issue remaining to him was that his guilty plea was not freely and voluntarily entered but was the product of these alleged constitutional violations." 370 F.2d at 106.
In the case of Law v. Beto, 370 F.2d 369 (5th Cir.1966), the Court said in the habeas corpus case:
"Without reaching the question of voluntariness of the confession, we conclude that this case is controlled by our recent opinion in White v. Beto (5 Cir.) 367 F.2d 557, Dec. Oct. 24, 1966 in which it was held that `the guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jurisdictional defects in the prior proceedings.'"
In the case of White v. Beto, 367 F.2d 557 (5th Cir.1966), above-mentioned, the United States appellate court pointed out: "The judgment and sentence which followed the plea of guilty were based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor." 367 F.2d at 558-559.
In the case Busby v. Holman, 356 F.2d 75 (5th Cir.1966), the defendant entered a plea of not guilty to a charge of rape in an Alabama state court. His court-appointed attorney worked out an agreement with a circuit solicitor, whereby the appellant would withdraw his plea of "not guilty" and enter a plea of "guilty" of the offense of rape, and that the circuit solicitor would not ask for the death penalty but recommend that defendant receive a life sentence. A charge of robbery would, under the agreement, be dismissed. Whereupon, the defendant waived a special venire and entered his plea of guilty. On a habeas corpus hearing in a United States District Court, the petition was dismissed upon the ground that the petitioner had been accorded effective assistance of counsel in the state court. The United States appellate court pointed out that a conviction of the defendant based upon an involuntary or coerced plea of guilty is invalid as inconsistent with due process of law. The Court then said:
"In considering this contention of the appellant we must bear in mind that the constitutional requirement of effective assistance of counsel does not require or permit the court upon a subsequent review to analyze counsel's mental processes in order to determine whether every conceivable avenue of evidence has been totally explored and every possible theory of defense has been pursued." 356 F.2d at 79.
The Court also said: "(T)he district court was not called upon to try the merits of the advice given by counsel to the appellant but merely to determine that counsel was not so completely inept and incompetent as to render the proceedings a farce." 356 F.2d at 80.
In a similar case, Cooper v. Holman, 356 F.2d 82 (5th Cir.1966), a narcotics addict entered a plea of guilty in a murder case, and later upon a hearing on a habeas corpus petition in the United States District Court, he contended that his plea was not voluntarily made. His contention was based upon the proposition that he was questioned without an attorney and that he was not given any medication until after he had confessed and had shown the officers the scene of the crime. He testified that he was assured that the circuit solicitor would recommend an imprisonment for life and that he understood this when he entered his plea of guilty. The appellate court said: "The evidence clearly sustains the district court's finding that the plea of guilty was entered voluntarily." 356 F.2d at 86.
In the case now before the Court, the testimony reveals that the attorneys appointed to represent the defendant were active, capable and effective in their efforts to protect the interests of the defendant. We are of the opinion that the testimony shows that the plea of guilty by defendant was voluntarily made. Zachary v. United States, 275 F.2d 793, 795 (6th Cir.1960).
*893 The defendant at that time, however, was a minor, eighteen years of age, and it is the further contention of the prisoner now that in effect a minor cannot waive his constitutional rights and he could not waive his right to a constitutionally qualified jury. The ultimate of this contention would simply mean that a person under twenty-one years of age could not plead guilty to a criminal charge even in an effort to prevent a trial that would very probably result in his execution. In that case, the minor would be discriminated against and this would result in an unfair practice.
We are of the opinion that the trial court was in error in setting aside the previous sentence of conviction, and in remanding the defendant into the custody of the sheriff. We now hold that the judgment of the trial court setting aside the former conviction of petitioner, Charles Ellzey, is erroneous and is hereby reversed. The former judgment sentencing Charles Ellzey to the State Penitentiary for life is hereby reinstated.
We also hold that the appeal of the State of Mississippi in the instant case was not rendered moot on the ground that the grand jury had reindicted petitioner on the charge of murder.
We also hold that Charles Ellzey's application seeking to be released on a writ of habeas corpus was properly refused by the trial court, and it is hereby dismissed. The petitioner will be returned to the State Penitentiary to continue his sentence until such time as he may be entitled to parole.
The judgment of the trial court is reversed and petitioner remanded into the custody of the authorities at Mississippi State Penitentiary.
Judgment reversed and petition for writ of error coram nobis dismissed.
ETHRIDGE, C.J., and JONES, SMITH and ROBERTSON, JJ., concur.