805 So.2d 554 (2000)
Billy EADES a/k/a Billy Joe Eades., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01632-COA.
Court of Appeals of Mississippi.
October 3, 2000.
*555 Billy Eades, Appellant, pro se.
Jeffrey A. Klingfuss, State of Mississippi, Office of the Attorney General, Jackson, MS, Attorney For Appellee.
BEFORE McMILLIN, C.J., IRVING, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Billy Eades, indicted for murder, pled guilty to manslaughter in January 1996. In February 1998, he filed a motion for post-conviction relief in which he set out multiple reasons why he should be permitted to withdraw his guilty plea and stand trial on the charge. The circuit judge entered an order on May 29, 1998, denying Eades any relief on his motion. Eades filed a notice of appeal purporting to have been executed by him on October 20, 1998, but not filed with the circuit clerk until November 30, 1998.
¶ 2. The State, in its brief to this Court, raises the issue of the Court's lack of jurisdiction to entertain the appeal because it was untimely filed. Section 99-39-25(1), the applicable provision of this State's post-conviction relief statute, provides as follows
A final judgment entered under this chapter may be reviewed by the supreme court of Mississippi on appeal brought either by the prisoner or the state on such terms and conditions as are provided for in criminal cases.
Miss.Code Ann. § 99-39-25(1) (1994).
¶ 3. Mississippi Rule of Appellate Procedure 4(a) requires that,
in a ... criminal case in which an appeal... is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.
M.R.A.P. 4(a).
¶ 4. Timely filing of a notice of appeal is jurisdictional. Byrd v. Biloxi Reg'l Med. Ctr., 722 So.2d 166(¶ 8) (Miss.Ct.App. 1998); Estate of Ware, 573 So.2d 773, 774 (Miss.1990). Eades's time to perfect an appeal from the circuit court's May 29, 1998, order denying his motion expired on June 29, 1998. The notice of appeal was filed substantially outside that time and does nothing to confer jurisdiction on this Court to review the merits of Eades's appeal.
¶ 5. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION AS BEING UNTIMELY FILED. COSTS OF THE APPEAL ARE ASSESSED TO KEMPER COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.