802 So.2d 1069 (2001)
Brenda Morgan Burns CAMERON, Appellant
v.
James Michael BURNS, Jr., Appellee.
No. 2000-CA-01760-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*1070 Allen Flowers, Attorney for Appellant.
James R. Hayden, Hattiesburg, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Brenda Burns Cameron appeals from a modification of visitation that she and her former husband would have with their minor child. The judgment explicitly reserved for further consideration two additional matters. It therefore was not an appealable final judgment. We therefore dismiss this appeal.

STATEMENT OF FACTS
¶ 2. Brenda Burns Cameron and James Michael Burns, Jr. were divorced in 1994. They had one child, Darren, born in 1993.
¶ 3. Though the divorce was granted in 1994, the issues of custody, visitation, support, division of marital property, and alimony were not decided by the chancery court until April 1995. Since that time, both parties have filed petitions seeking to modify various provisions of the 1995 judgment. In 1996, an agreed order modifying visitation and other matters was entered by the chancery court.
¶ 4. In May 2000, Burns filed another petition for modification. The petition sought to have Cameron obtain medical insurance covering Darren with a lower deductible or to allow Burns to provide medical insurance for Darren himself. Darren has chronic asthma and high medical care needs. A change of the previously established visitation schedule was sought, with the father's attempting to have his support obligation reduced while he had custody in the summers.
¶ 5. A one day hearing was held at which only the two parents testified. Burns testified that Cameron's medical insurance carried a $1000 deductible while his carried only a $200 calendar year deductible per family member and a maximum $400 family deductible. Burns testified that there had been instances where Cameron did not properly inform him of medical expenses associated with Darren. The parents shared equally all medical expenses not covered by insurance, and Burns was required to pay Cameron his share directly. Burns testified that he would prefer to pay the health providers directly rather than pay Cameron. He also testified that he was in effect paying one-half of the yearly deductible for Cameron's new family, and not just paying for his son.
¶ 6. The father also testified regarding a desired change in the visitation schedule.
¶ 7. The chancellor took under advisement the issues of medical insurance coverage and of Burns reducing child support. He later entered a judgment that revised the visitation schedule. The chancellor directed that the medical insurance issue be submitted to an expert in order that the relevant insurance policies could be examined and a recommendation made as to the better policy. The chancellor also ordered both parties to pay unto the court $100 each to pay the expert's services. The chancellor continued to defer a decision on whether Burns would be able to reduce his child support payments during the summer months when he had custody of the child.
¶ 8. It is from this order that Cameron filed her notice of appeal on October 18, 2000. She also filed an application to stay *1071 judgment. Then she filed with the Supreme Court a motion to suspend briefing, stating that the judgment left unresolved certain issues but that it was final as to the child visitation issue. The motion requested that briefing be suspended until such time as the chancery court ruled on the medical insurance issue. Then the parties should be allowed to add any issues arising from the ultimate decision on matters still before the chancery court.
¶ 9. On February 14, 2001, the Supreme Court suspended briefing for thirty days, unless the Perry County Chancery Court sooner resolved all issues still before it. No final judgment was entered, and thus on March 22, 2001, the briefing schedule was resumed.
¶ 10. On April 6, 2001, Cameron filed a motion to enlarge time for filing of briefs. The motion stated that Cameron's brief was due on April 12, 2001, that the chancery court had finally resolved all outstanding issues before it, but that no written judgment had yet been entered. In the motion, Cameron requested additional time to prepare her brief in light of the chancery court's recent ruling. The motion was granted. Cameron filed her brief on May 14, 2001.

DISCUSSION
¶ 11. Cameron assigns two alleged errors: (1) the visitation modifications are clearly erroneous despite the fact that Cameron agreed to all but one modification and suggested herself a modification that was incorporated into the chancellor's judgment; (2) that the insurance modification process was erroneous, though no final decision on that process appears in the judgment.
¶ 12. Both Cameron and Burns state in their briefs that an informal conference with the chancellor was held on March 15, 2001, after the notice of appeal in this case. At the conference, Burns withdrew his pleadings to modify the medical insurance, and the chancellor denied his motion to reduce his child support payments during summer visitation. Cameron asserts that it is immaterial that Burns withdrew his pleadings as to the medical insurance or that the expert appointed by the chancellor determined that Cameron's policy was the better of the two. She argues that the decision to allow the expert to examine the policies was clearly erroneous.

Final Judgment Rule
¶ 13. If a party wishes to appeal from a judgment that has resolved fewer than all claims pending in the court, special permission must be sought. A party who perceives an urgency for appellate review of the partial final judgment may seek from the trial court "an expressed determination that there is no just reason for delay" in bringing an appeal. M.R.C.P. 54(b). No such determination was sought or made here. This rule has been applied to appeals from non-final judgments in domestic cases. Roberts v. Fuhr, 523 So.2d 20, 28 (Miss.1987).
¶ 14. The judgment entered by the chancellor was not a final judgment. The chancellor expressly reserved two issues for further consideration and did not certify the judgment as being final as to the visitation modification. The reason for requiring a final judgment is that it "minimizes appellate court interference with trial court proceedings, reduces the ability of a litigant to wear down an opponent with a succession of time consuming appeals ... and enables the appellate court to view the case as a whole and to avoid questions which may be mooted by the shifting fortunes of trial combat." LUTHER T. MUNFORD, MISSISSIPPI APPELLATE PRACTICE § 6.1 (1997).
*1072 ¶ 15. We also find that this appeal did not comply with the procedures for seeking an interlocutory appeal. The party desiring an appeal may seek certification from the trial court that one of the prescribed reasons for permitting the appeal exist. M.R.A.P. 5(a)(1)-(3). A petition for permission to appeal is then to be filed with the Supreme Court clerk within 14 days after the entry of the interlocutory order. M.R.A.P. 5(a). The notice of appeal was filed on October 18, 2000, past the fourteen day deadline imposed by M.R.A.P. 5(b). Therefore, even if the failure to ask for an interlocutory appeal could be overlooked, the need for notice to be filed within 14 days is not subject to waiver. M.R.A.P. 2(a)(1) & 2(c).
¶ 16. This was an improperly brought appeal from a judgment on less than all the issues pending before the court. The appellant actually was aware of that shortcoming and sought to delay briefing as a result. For the very reason that the parties would not want to prepare piecemeal briefs, the rules prohibit piecemeal appeals in the first place.
¶ 17. If a final judgment has since been entered, a notice of appeal needed to be filed within thirty days thereafter. M.R.A.P.4(a). Neither of the situations for giving effect to a premature notice of appeal apply here. M.R.A.P. 4(b) (filed after announcement but before entry of judgment); M.R.A.P. 4(d) (filed while post-final judgment motions pending). We do not know if a final judgment has ever been entered in this case, a matter that does not enter our obligation to dismiss.
¶ 18. The only matter that was brought to us was the validity of the new visitation schedule. Nothing prevents the question of proper visitation from again being raised below on a new request for modification. Our right to consider it on appeal was never invoked.
¶ 19. THE APPEAL FROM THE SEPTEMBER 20, 2000 JUDGMENT OF THE CHANCERY COURT OF PERRY COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.