BARNES, J.,
for the Court.
¶ 1. Pierre Haynes appeals the denial of his first motion for post-conviction collateral relief in which he contends that his guilty plea was involuntarily made. Find *764 ing this issue to be without merit, we affirm the January 13, 2003, order of the Circuit Court of Winston County.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On October 30, 2002, Pierre Haynes pled guilty to the charge of armed robbery, in the Circuit Court of Winston County, Mississippi, and received a twenty-five year sentence with five years suspended, and five years of supervised probation upon release of incarceration. Shortly thereafter, on January 8, 2003, Haynes filed his first motion for post-conviction collateral relief with the circuit court attacking the legitimacy of his guilty plea and conviction. Haynes claimed his plea was involuntarily entered because (1) he was a minor, sixteen years of age, at the time his plea was entered and his parents were not present at the court proceedings, and (2) he had been misled as to the length of the sentence he would receive if he pled guilty. In an order dated January 13, 2003, and filed with the clerk on January 17, 2003, the circuit court found Haynes’s claims to be without merit and denied his motion for post-conviction collateral relief.
¶ 3. Haynes was granted leave to proceed in forma pauperis. Rather than appeal the denial of the trial court’s January 13, 2003 order, Haynes filed a petition for writ of habeas corpus which was denied by the trial court by order dated April 10, 2003. Sometime thereafter, Haynes apparently filed an application in the supreme court for leave to proceed in the trial court; the record does not contain a copy of this application. On November 6, 2003, the supreme court dismissed the motion without prejudice in order for Haynes to file in the trial court. On December 8, 2003, Haynes filed a second motion for post-conviction collateral relief with the Circuit Court of Winston County, Mississippi, alleging ineffective assistance of counsel and involuntary plea and conviction by use of coerced confession. Also, on December 8, 2003, Haynes filed a notice of appeal apparently attempting to seek review of the trial court’s January 13, 2003 order.[1] On January 14, 2004, the trial court ruled that the court had “heretofore ruled on all dispositive motions concerning post-conviction relief filed in this cause that pertained to the validity of Haynes’s guilty plea and conviction of armed robbery. ...” The court advised Haynes that the “only avenue left” was to appeal the denial of the request to this Court. No notice of appeal has been filed seeking review of the January 14, 2004, order.
JURISDICTIONAL MATTERS
¶ 4. At first blush, Haynes’s appeal appears to be time-barred under our Rules of Appellate Procedure. However, Haynes was and is under the disability of infancy which extends his time to file an appeal. Under Mississippi Code Annotated Section 1-3-21 (1972), Haynes was an infant, under the age of 21, at the time his motion for post-conviction collateral relief was denied. Thus, Haynes has two years in which to file a timely appeal under Rule 4(f) of the Mississippi Rules of Appellate Procedure, which states:
In the case of parties under a disability of infancy or unsoundness of mind, the various periods of time for which provi *765 sion is made in this rule and within which periods of time action must be taken shall not begin to run until the date on which the disability of any such party shall have been removed. However, in cases tuhere the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to the Supreme Court shall be taken in the manner prescribed in this rule within two years of the entry of the judgment or order which would cause to commence the running of the 30 day time period for all other appellants as provided in this rale.
Miss. R.App. P. 4(f) (emphasis added). Since Haynes, the plaintiff below, was an infant on January 13, 2003, when the trial court denied his first motion for post-conviction collateral relief, his appeal of that order, perfected less than one year thereafter, was timely.
¶ 5. Haynes has not, however, filed any notice of appeal with respect to the trial court’s January 14, 2004 order effectively denying his second motion for post-conviction collateral relief. Haynes filed his notice of appeal, apparently seeking review of the January 17, 2003, order on the same date he filed his second motion and prior to the trial court’s disposal thereof. The Court finds the right to appellate review of the trial court’s January 14, 2004, order was never invoked. Although there are two situations under our Rules of Appellate Procedure for giving effect to a premature notice of appeal, Miss. R.App. P. 4(b) (notice filed after announcement but before entry of judgment) and 4(d), (e) (notice filed while post-final judgment motions pending), neither of these situations are present with respect to the order denying Haynes’s second motion for post-conviction collateral relief. See Cameron v. Burns, 802 So.2d 1069 (Miss.Ct.App.2001). Properly filing a notice of appeal is jurisdictional. See Eades v. State, 805 So.2d 554, 555(¶ 4) (Miss.Ct.App.2000). Thus, this Court has no power to review the January 14, 2004 denial of Haynes’s second motion.
STANDARD OF REVIEW
¶ 6. When reviewing the denial of a post-conviction motion, this Court will not disturb a trial court’s finding of fact unless found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). In order to resolve the merits of allegations under the Post-Conviction Collateral Relief Act, the trial judge must review the “original motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack.” Miss.Code Ann. § 99-39-11(1) (Rev.2000).
ISSUE AND ANALYSIS
WAS HAYNES’S PLEA VOLUNTARY AND INTELLIGENTLY ENTERED?
¶ 7. In his first motion for post-conviction relief, Haynes argued that his plea was involuntarily and unintelligently entered because he was only sixteen years of age at the time his plea was entered, his parents were not present at the court proceedings, and he had been misled as to the length of the sentence he would receive if he pled guilty.
¶ 8. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is deemed “voluntary and intelligent” only where the defendant is advised concerning the nature of the charge against him and the consequences of his plea. Wilson v. State, 577 So.2d 394, *766 396-97 (Miss.1991). The defendant must be informed that a guilty plea waives the right to confront adverse witnesses, the right to trial by jury, and the right to protection against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Additionally, the trial judge must “inquire and determine” that the accused understands the maximum and minimum penalties to which he may be sentenced. URCCC 8.04(A)(4).
¶ 9. Regarding Haynes’s contention that his infancy affected his ability to enter a plea, the law is clear. When a minor is no longer subject to the jurisdiction of the youth court, he may enter a guilty plea in the circuit court to an indictment charging him with a crime. Ellzey v. State, 196 So.2d 889 (Miss.1967); see also Rush v. State, 811 So.2d 431, 437(¶18) (Miss.Ct. App.2001). Pursuant to Mississippi Code Annotated Section 43-21-151(l)(a) (2000 & Rev.2004), “[a]ny act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment ... will be in the original jurisdiction of the circuit court....” Since the offense of armed robbery carries a maximum life sentence, original jurisdiction was proper in the circuit court. Brown v. State, 839 So.2d 597, 599(¶ 6) (Miss.Ct.App.2003). Being properly before the circuit court, Haynes’s infancy did not prevent him from entering a valid plea of guilty, and parental accompaniment was not required during the plea process. See Rush, 811 So.2d at 437(¶ 18).
¶ 10. Haynes argues that he was misled as to the length of sentence he would receive if he pled guilty. This assertion is in direct contradiction of Haynes’s own testimony. In the plea hearing, the court asked Haynes if he understood that there was no minimum sentence but the maximum sentence for armed robbery is life in prison. Haynes replied in the affirmative. The court then asked Haynes if he understood that he could receive any sentence less than life. Haynes again replied in the affirmative. Thus, Haynes’s argument that he thought he would receive a lesser sentence is unpersuasive. It is evident that Haynes was informed of the nature of the charges against him and the consequences of his guilty plea.
CONCLUSION
¶ 11. Neither Haynes’s age nor professed expectation of a lesser sentence are sufficient to support a finding that his plea of guilty was involuntary. Thus, the trial court properly denied Haynes’s first motion for post-conviction collateral relief. The denial of Haynes’s second motion is not properly before the Court.
¶ 12. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND ISHEE, JJ. CONCUR.

. Haynes’s notice of appeal states that he is "aggrieved by the Order of this Court entered on November 17th, 2003 ... and does desire to appeal this decision”. No order of November 17, 2003, appears in the record. Haynes’s designation of records, filed the same date as his notice of appeal, clarifies that the order appealed from is the "order entered on the 17 day of January, denying Petitioner Post Conviction Motion."