973 So.2d 246 (2007)
Michael BRIDGES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00110-COA.
Court of Appeals of Mississippi.
April 17, 2007.
Rehearing Denied January 15, 2008.
Michael Bridges, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. Michael Bridges appeals a judgment of the Lowndes County Circuit Court dismissing his motion for post-conviction relief (PCR). He asserts (1) that his guilty plea was involuntarily entered, (2) that he *247 received ineffective assistance of counsel, and (3) that the circuit court erred in refusing to grant his, motion for an evidentiary hearing.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Bridges was indicted by a Lowndes County grand jury for possession of at least two precursor chemicals with intent to manufacture methamphetamine. On June 29, 2004, pursuant to a plea agreement, Bridges pleaded guilty to possession of methamphetamine precursors as a prior drug offender. The State agreed not to pursue sentencing as a habitual offender. However, the agreement provided that Bridges would be sentenced as a second and subsequent drug offender. The court sentenced him to thirty-four years in the custody of the Mississippi Department of Corrections.
¶ 4. On June 20, 2005, Bridges filed a PCR motion which was summarily dismissed by the trial court. Bridges then filed a motion for rehearing, to which he attached affidavits from his mother and father, alleging that Bridges' attorney assured Bridges that he would receive a sentence between eight and twelve years. This motion was likewise denied.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Involuntary Guilty Plea
¶ 5. "A guilty plea will only be binding upon a criminal defendant if it is voluntary and intelligently entered." Drennan v. State, 695 So.2d 581, 584 (Miss.1997) (quoting Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). In order to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." Id.
¶ 6. Bridges contends that his guilty plea was entered involuntarily for several reasons: (1) he pleaded guilty upon advice from his attorney that he would receive a sentence of eight to twelve years, (2) the trial court never ruled on his motion for re-sentencing,[1] (3) the trial court failed to adequately advise him of the true nature and critical elements of the charges against him, (4) the trial court did not read the indictment into the record, (5) his thirty-four year sentence is disproportionate to the crime, (6) he was not permitted to call witnesses for rebuttal or impeachment purposes at his suppression hearing, and (7) he was not granted his right to a speedy trial.
¶ 7. The transcript of the plea hearing and the petition to plead guilty clearly belie allegations one and three. The petition states, "I recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the Court." In addition, the following exchange between the court and Bridges at the guilty plea hearing contradicts Bridges' contention that his plea was not voluntarily and intelligently entered:
Q. Okay. Now, you understand that you're giving up your right to a jury trial?
A. Yes, ma'am.
Q. You also understand that you're giving up your constitutional right against self-incrimination; that is, your right not to testify against yourself. *248 You understand you're giving up that right?
A. Yes, ma'am.
Q. Okay. And you're giving up your right to question the state's witnesses?
A. Yes, ma'am.
Q. You're giving up your right to make them come into court?
A. Yes, ma'am.
Q. And to testify against you?
A. Yes, ma'am.
Q. Now, under our law, you have the right to testify as a witness yourself in your own trial, but if you plead guilty, you don't have 4 chance to make a decision as to whether you would or would not testify as a witness because we're not going to have a trial. Do you understand that?
A. Yes, ma'am.
Q. And you understand that you are stating that you're guilty of this offense of
A. Yes, ma'am.
Q. possession of methamphetamine precursors?
A. Yes, ma'am.
Q. Now, before a jury could find you guilty of this crime, the state would have to come to court and prove that you were guilty beyond a reasonable doubt. If you plead guilty, the state is not required to prove anything to a jury because you're standing here saying you did it. Do you understand that?
A. Yes, ma'am.
* * * *
Q: Now you understand that if you plead guilty to this charge and the court accepts your plea, that the court can sentence youthe minimum sentence is 0 years and $10,000 up to 60 years and a $2 million fine?
A. Yes, ma'am.
Q: Okay. Now, Mr. Goodwin, you advised Mr. Bridges of his constitutional rights?
ATTORNEY FOR DEFENDANT: I did, your honor.
Q: And you advised him of the elements of the offense to which he is pleading guilty?
ATTORNEY FOR DEFENDANT: I did, your honor.
¶ 8. The transcript of the plea hearing also reflects that Bridges understood that he was entering an open plea and that the State had not made a recommendation. However, the district attorney agreed to pursue an enhanced sentence pursuant to Bridges' status as a prior drug offender,[2] rather than to try him as a habitual offender. The court asked Bridges if he had any questions regarding the enhanced punishment as a prior drug offender. He responded, "I really don't understand what itI mean, enhanced punishment. The agreement said 0 to 60 years, and I'm just leaving it up to you." In order to ensure that Bridges fully understood the sentencing process, the court explained that it would not be required to impose a mandatory sentence; because Bridges was being sentenced as a prior drug offender,[3] as opposed to a habitual offender.
*249 ¶ 9. The court also examined Bridges' attorney to ensure that Bridges had been fully informed about the minimum and maximum sentences for possession of methamphetamine precursor chemicals. The trial judge asked Bridges, "[A]nd [your attorney] discussed that with you?" Bridges responded in the affirmative. Furthermore, the trial judge asked Bridges, "[D]o you have any questions about anything that's in the document, the petition to enter a plea of guilty, that you want to ask the court about?" Bridges responded, "[N]o, ma'am." The trial judge also asked Bridges at his sentencing hearing whether he understood that the court had the authority to enhance or double his prison term and/or fine. Bridges responded, "[Y]es, ma'am."
¶ 10. "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Furthermore, the Mississippi Supreme Court has stated: "when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney." Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss 2002) (citing Roland v. State, 666 So.2d 747, 750 (Miss.1995)). Thus, even if Bridges' attorney suggested that he would likely receive a sentence between eight and twelve years, such a prediction does not render his plea involuntary.
¶ 11. Bridges also alleges that his plea was involuntary because the trial court did not read his indictment into the record. To support his argument he cites Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, we find that Boykin does not stand for the proposition for which Bridges contends. Bridges argues that the United States Supreme Court held that "even a mere reading of the indictment or bill of information will not suffice as to adequately informing [sic] the defendant of the charges." This statement does not appear in Boykin. Moreover, we are aware of no authority that requires the trial judge to read the indictment into the record at the guilty plea hearing. The judge is only required to ensure that a defendant's plea is voluntarily and intelligently entered. As we have already concluded, the trial judge properly made such a finding despite Bridges' contentions to the contrary.
¶ 12. Bridges also argues that his plea was involuntary because his thirty-four year sentence is "disproportionate to the crime where the average sentence for similar crimes in Lowndes County recorded during the previous two (2) years is only 4.5 years." We note at the outset that the Mississippi Supreme Court has held that "[t]he imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." Reynolds v. State, 585 So.2d 753, 756 (Miss.1991) (citing Reed v. State, 536 So.2d 1336, 1339 (Miss.1988)). Bridges' sentence is certainly within the statutory limits, as this is Bridges' third drug conviction. We point out that had the district attorney recommended that Bridges be sentenced pursuant to his status as a habitual offender, Bridges' would have been sentenced to a mandatory term of sixty years, with no possibility of parole or reduction.[4] Miss. *250 Code Ann. § 99-19-81 (Rev.2000). Additionally, Bridges' thirty-four year sentence is considerably less than the sixty-year sentence that the trial judge could have imposed.
¶ 13. We find that Bridges' guilty plea waives his last two arguments: that his plea is rendered involuntary and unconstitutional because he was not allowed to call witnesses for rebuttal and/or impeachment purposes during his suppression hearing and that he was denied the right to a speedy trial. In Anderson v. State, 577 So.2d 390, 391 (Miss.1991) (citing Ellzey v. State, 196 So.2d 889, 892 (Miss.1967)), the Mississippi Supreme Court held that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Moreover, the court specifically noted that the right to a speedy trial can be waived or forfeited, whether the origin be statutory or constitutional. Id.
¶ 14. Our review of the transcripts of the suppression, plea, and sentencing hearings reveals that the trial judge thoroughly examined Bridges and properly determined that he understood the consequences of his guilty plea and that the plea was knowingly, voluntarily, and intelligently entered. Thus, we find no merit to this issue.
2. Ineffective Assistance of Counsel
¶ 15. To be successful on an ineffective assistance of counsel claim, Bridges is required to show that his attorney was deficient and that he was prejudiced by that deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is incumbent upon Bridges to show that his attorney's errors were so serious that he did not receive "`counsel' guaranteed [to him] by the Sixth Amendment." Id.
¶ 16. Bridges argues that his counsel was ineffective during his suppression hearing, sentencing hearing, and "during the plea process itself." Because we have already discussed Bridges' contention that he pleaded guilty based on promises made by his trial counsel, we need not repeat that discussion here. We will address only the allegations concerning counsel's conduct during the suppression hearing.
¶ 17. Bridges contends that his counsel was ineffective during his suppression hearing by failing: (1) to "raise an objection to the fact that the State did not secure an arrest warrant in Coahoma County where the original arrest was made," (2) to question witnesses about the arrest warrant after informing Bridges that the State could not produce the arrest warrant from Coahoma County, (3) to properly attack the validity and legality of the search warrant and the affidavit for the search warrant, (4) to challenge the search warrant and accompanying affidavit regarding its description of the things to be seized, and (5) to object to "the fact that the magistrate was not provided with a substantial basis for determining the existence of probable cause."
¶ 18. We note that Bridges did not assert that his counsel was derelict in representing him at any point during the suppression, plea, or sentencing hearings. At his plea hearing, the trial judge asked Bridges, "[A]re you dissatisfied in any manner with the services rendered to you by [your attorney]?" Bridges answered, "[N]o, ma'am." In addition, Bridges was afforded the opportunity to voice his dissatisfaction at the sentencing hearing. The court stated, "[N]ow, Mr. Bridges, [attorney for defendant] was appointed to represent you as your attorney. Are you satisfied with his services in this proceeding?" Bridges responded, "[Y]es, ma'am." Moreover, this Court cannot understand *251 why Bridges would not have brought this matter to the court's attention when he was asked if he had anything he wished to say before the court imposed its sentence. Instead, Bridges used this opportunity to ask the court for leniency. Thus, this Court cannot agree that Bridges was denied effective assistance of counsel. This issue is without merit.
3. Evidentiary Hearing
¶ 19. Bridges contends that his motion for an evidentiary hearing should have been granted. The Post Conviction Collateral Relief Act provides: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2000). We cannot discern any merit to any of the allegations made by Bridges; thus, he is not entitled to an evidentiary hearing.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Although Bridges filed a motion to reconsider his sentence, he failed to present this issue to the trial court in his PCR; thus, this issue is procedurally barred. Evans v. State, 725 So.2d 613, 632(¶ 2) (Miss.1997).
[2] Bridges has prior felony convictions in Mississippi and Alabama.
[3] Mississippi Code Annotated section 41-29-147 (Rev.2005) provides in part: "Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both."
[4] The maximum sentence for possession of two or more precursor chemicals for the manufacture of methamphetamine is thirty years. Miss.Code Ann. § 41-29-313 (Rev. 2005). As a second and subsequent offender, Bridges' sentence could be doubled for a maximum of sixty years. Miss.Code Ann. § 41-29-147 (Rev.2005).