# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-02126-COA

TIMOTHY ALLEN MCCOY A/K/A TIMOTHY MCCOY      APPELLANT

v.

STATE OF MISSISSIPPI      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/2013 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES JUSTIN TAYLOR COOK |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FOUR COUNTS OF SEXUAL BATTERY (COUNTS I, II, III, AND IV) AND ONE COUNT OF EXPOSURE TO HIV (COUNT V) AND SENTENCED TO THIRTY YEARS FOR COUNT I, TWENTY-FIVE YEARS FOR COUNT II, AND TEN YEARS FOR EACH REMAINING COUNT, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES IN COUNTS I-IV TO RUN CONSECUTIVELY, AND THE SENTENCE IN COUNT V TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNTS I-IV; FINED $10,000; AND ORDERED TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | APPEAL DISMISSED - 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Following his convictions, Timothy Allen McCoy timely filed a motion for a new trial. This action postponed the running of the thirty-day window to appeal his convictions until the entry of the order disposing of his post-trial motion. M.R.A.P. 4(e). Months later, McCoy filed a notice of appeal, even though his motion for a new trial was still pending. While Rule 4(e) clearly permits the premature filing of a notice of appeal, it is equally clear such notice is "ineffective until the date of the entry of the order disposing" of a timely post-trial motion. Here, the record contains no entry of an order disposing of McCoy's motion for a new trial—either before or after he filed his notice of appeal. Thus, under Rule 4(e), his notice of appeal is "ineffective."

¶2.     Without an effective notice of appeal, this court lacks jurisdiction to consider McCoy's appeal. We therefore dismiss.

**Procedural History**

### I.     Conviction and Sentence

¶3.     On April 8, 2013, McCoy was convicted of four counts of sexual battery and one count of exposing another to human immunodeficiency virus (HIV). *See* Miss. Code Ann. § 97-3-95(1)(c) (Rev. 2014) (criminalizing the sexual penetration of a child at least fourteen but under sixteen years old by a person more than thirty-six months older than the child); Miss. Code Ann. § 97-27-14(1) (Rev. 2014) (making the knowing exposure of another to HIV a felony). Three days later he was sentenced. For the sexual batteries, he received four

2

consecutive sentences totaling 75 years. For exposing another to HIV, he received a concurrent ten-year sentence.

### II. Motion for a New Trial

¶4. Seven days later, on April 18, 2013, McCoy filed a motion for a judgment notwithstanding the verdict or, alternatively, a new trial. This motion challenged the weight and sufficiency of the evidence. It also attacked the circuit court's refusal of McCoy's proposed jury instructions, the court's evidentiary rulings, and the constitutional effectiveness of McCoy's trial counsel. Because his motion was filed within the ten-day requirement of Uniform Rule of Circuit and County Court 10.05, the motion tolled the thirty-day time period for McCoy to appeal his conviction and sentence until the day the motion was denied. *See* M.R.A.P. 4(e).

### III. "Motion for Court Docket"

¶5. Before that day came, McCoy filed a pro se petition on September 23, 2013. Styled as a "Motion for Court Docket," this petition requested the trial transcript, court docket, and discovery from his criminal case. A month later, he filed a follow-up petition asking the circuit court to act on his motion for documents filed thirty days prior.

¶6. On November 15, 2013, the circuit court issued a responsive order, which stated in its entirety:

> A copy of the motion of Timothy McCoy has been received and is being treated as a post conviction filing. In response to his request, no trial transcript exists on this case and the Clerk is hereby directed to obtain a copy of all filings in this entire case and the same will be attached as an Exhibit to this Order. Otherwise the motion of the Defendant is hereby denied.

3

### IV.   *Notice of Appeal*

¶7.    After receiving this order, McCoy filed a pro se notice of appeal on December 17, 2013.  He also requested to proceed in forma pauperis.  Attached to his handwritten notice was a form notice stating McCoy was appealing the "Order of this Court entered on April 8th, 2012 [sic]," as well as a form designating the record to include the "order entered on the 14[th] day of November, denying Petitioner['s] Post Conviction Motion."  The next day, the circuit court entered an order approving McCoy's application to proceed in forma pauperis.

¶8.    The Indigent Appeals Division of the Office of State Public Defender was appointed to represent McCoy on appeal.  McCoy's newly appointed counsel immediately filed an amended notice of appeal.  The amended notice generically stated McCoy was appealing the "Judgment of Conviction, Sentencing Order and Order Overruling Motion for New Trial or JNOV entered in this action," without referencing any judgment or order by specific entry date.

### Discussion

¶9.    On appeal, McCoy challenges the length of his sentence, the sufficiency of the evidence, the effectiveness of his trial counsel, and the impartiality of the trial judge.  But we cannot reach the merits of his claims because we lack appellate jurisdiction to consider McCoy's conviction and sentence.  *See Williams v. Delta Reg'l Med. Ctr.*, 740 So. 2d 284, 285 (¶5) (Miss. 1999) (requiring the appellate court to address any question of jurisdiction, even when not raised by the parties).

¶10.    "Properly filing a notice of appeal is jurisdictional." *Haynes v. State*, 906 So. 2d 762,

4

765 (¶5) (Miss. Ct. App. 2004) (citing *Eades v. State*, 805 So. 2d 554, 555 (¶4) (Miss. Ct. App. 2000)).  And here we must find that McCoy's December 2013 notice of appeal was not properly filed.

### I.      Time to Appeal

¶11.    Under Mississippi Rule of Appellate Procedure 4(a), "[e]xcept as provided in . . . Rule 4(e)," a notice of appeal is properly filed only if "filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a).  McCoy's notice was not filed within thirty days of the entry of the April 2013 judgment and sentencing order.  But under the exception provided in Rule 4(e), "[i]f a [criminal] defendant makes a timely motion under the Uniform Rules of Circuit and County Court Practice [either] (1) for judgment of acquittal notwithstanding the verdict of the jury, or (2) for a new trial under Rule 10.05"—which McCoy did in this case—"the time for appeal for all parties shall run from the entry of the order denying such motion." M.R.A.P. 4(e).

¶12.    The circuit court has yet to enter an order denying McCoy's motion for a new trial, so the thirty-day time period has not even started.  Despite McCoy's characterization of the court's November 2013 order, that order neither addressed nor disposed of the issues raised in the April 2013 motion for a new trial.  In fact, no mention or reference to the motion for a new trial was made.  Instead, that order merely addressed McCoy's September 2013 petition for the transcript, court docket, and discovery, which the circuit court treated as a collateral motion for post-conviction relief (PCR).  So the only motion disposed of by that

5

November 2013 order was the September 2013 PCR motion.  This means McCoy's motion for a new trial is still pending.

## II.    *Ineffective Notice of Appeal*

¶13.    The fact the motion for a new trial is still pending is no triviality or technicality.   It actually renders McCoy's premature notice of appeal ineffective.  Under Rule 4(e):

> A notice of appeal filed after the court announces a decision sentence, or order but before it disposes of any of the above motions, is *ineffective* until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later.

(Emphasis added).   While the rule clearly permits the notice of appeal to be filed prematurely—that is, before all lingering timely post-trial motions are disposed of—the rule is equally clear that any such early notice is not effective until the date of the order disposing of the last pending motion.

¶14.    The State, though not overtly challenging the efficacy of McCoy's notice of appeal, has questioned whether such an order has ever been entered.  Sharing the State's doubts, we have scoured the record but have found no order denying McCoy's outstanding motion for a new trial.  While both McCoy and his appointed appellate counsel have claimed the motion for a new trial was denied on November 15, 2013, as we have already explained, we do not construe the order entered that day to have covered his outstanding motion for a new trial.

¶15.    With the motion for a new trial still pending, we are compelled to find that, under Rule 4(e), McCoy's premature notice of appeal is "ineffective" to confer appellate jurisdiction on this court.  We cannot pass judgment on the legality of McCoy's conviction and sentence before the circuit court has ruled on whether the conviction will stand or

6

whether McCoy is entitled to a new trial. For these reasons, we dismiss McCoy's appeal.

¶16. **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**