811 So.2d 431 (2001)
Tyrone RUSH a/k/a Tyrone Ray Rush, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00665-COA.
Court of Appeals of Mississippi.
March 6, 2001.
*433 Tyrone Rush, Pro Se.
Office of the Attorney General, by Dewitt T. Allred, III, Attorney for Appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Tyrone Rush was indicted for two counts of armed robbery under Miss.Code Ann § 97-3-79 (Rev.2000) at the March 1997 term. On December 11, 1997, he pled guilty to the two charges and was sentenced to twenty years imprisonment for each count. He filed a petition for post-conviction collateral relief seeking vacation of his conviction and sentence which was denied without an evidentiary hearing. Aggrieved, Rush cites the following issues on appeal:
I. WHETHER RUSH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER AN EVIDENTIARY HEARING SHOULD HAVE *434 BEEN GRANTED BASED ON RUSH'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.
III. WHETHER RUSH'S GUILTY PLEA WAS VOLUNTARY.
IV. WHETHER RUSH'S SENTENCE WAS EXCESSIVE.

LAW AND ANALYSIS

I. WHETHER RUSH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 2. Rush claims that he received ineffective assistance of counsel because his attorney did not advise him of the elements that would have to be proved in order for the State to obtain a guilty verdict on the charge of armed robbery, his attorney did not advise him of the minimum and maximum sentences for this charge, his attorney failed to object to the vague and ambiguous indictment, his attorney did not advise him of the nature and consequences of a guilty plea, his attorney did not challenge the credibility of witness's statements or obtain discovery, and his attorney refused to take his case to trial. Rush also argues that the trial court should have conducted an evidentiary hearing based on his claim of ineffective assistance of counsel.
¶ 3. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part test set out in Strickland is whether counsel's performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that "our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). This standard is also applicable to a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss.1990). A strong, but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that "but for" the deficiency, a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 4. In situations where the issue of ineffective assistance of counsel is addressed in a petition for post-conviction relief, the allegation must be alleged with specificity. Ford v. State, 708 So.2d 73, 74 (Miss.1998) (citing Smith v. State, 434 So.2d 212, 219 (Miss.1983)). In Ford, the appellant alleged that his attorney coerced him into pleading guilty, but Ford did not state the manner in which this coercion occurred. The court held that Ford failed to meet his burden of proof in that his allegations lack the specificity and detail required to establish a prima facie showing. Ford, 708 So.2d at 74 (citing Miss. Code Ann. § 99-39-9(1)(c) (Rev.2000)).
¶ 5. In Lindsay v. State, 720 So.2d 182, 184 (Miss.1998), the court held that a party's claim that is based only on the party's individual affidavit is without merit. Rush's claim is supported by his lone affidavit.
¶ 6. Rush's claim that his attorney did not discuss the requisite elements of armed robbery necessary to obtain a guilty verdict is also lacking in substance. Rush's own sworn testimony during the plea hearing is as follows:
The Court: Okay. Did Mr. Oden explain to you, Mr. Rush, what we call the essential elements that makes up your armed robbery charge? And by that I mean, did he tell you what the State of Mississippi would have to prove at a trial beyond a reasonable doubt in front of the jury before the jury could convict *435 you of the charge of armed robbery in each count?
Rush: Yes, sir.
The Court: All right. Do you understand those essential elements; that is, do you understand what the State would have to prove?
Rush: Not too much of it.
The Court: Not too much. Well, let me go over it with you.
Rush: Yes sir.
The Court: What the State would have to prove if you went to trial on Count I is that you, in Lauderdale County, Mississippi, on or about the 19th day of November, 1996, did willfully, unlawfully take or attempt to take the personal property of Elva Hemphill, consisting of some amount of money, the exact amount is unknown, from her, and against her will by violence to her by the exhibition of some scissors, that is, y'all pulled some scissors on her, 
Rush: Yes, sir.
The Court:  which is a deadly weapon, putting her in fear of immediate injury to her person. Do you understand that is what the State would have to prove on Count I?
Rush: Yes, sir.
The Court: On Count II, the State would have to prove that you, in Lauderdale County, Mississippi, on or about the 21st day of November, 1996,did willfully, unlawfully take or attempt to take the personally property of Sadie T. Baker, that is the name of the victim, consisting of twenty dollars from her or from her presence against her will by the exhibition of a deadly weapon, that is, a knife. That is, either you had that knife or Poncy David had that knife, and y'all pulled that knife on her and took her money. It doesn't matter which one actually pulled the knife, so long as y'all were there together and one of y'all pulled the knife, putting her in fear of immediate injury. Now, that is what the State would have to prove beyond a reasonable doubt in Count II. Now, do you understand the essential elements as to Count I and Count II?
Rush: Yes, sir.
In light of Rush's sworn testimony, he cannot show that but for his attorney's deficiency he would have received a different outcome in his case.
¶ 7. Rush next contends that his attorney did not advise him of the minimum and maximum sentences for the charge of armed robbery. This contention is also without merit. The plea colloquy reflects that the court informed Rush of the minimum and maximum sentences he could receive followed by Rush's response that he understood. Once again, Rush cannot show that but for his attorney's deficiency, he would have received a different outcome.
¶ 8. Rush also claims that his attorney erred in not objecting to the indictment which Rush defines as vague and ambiguous. Rush does not inform the Court of how the indictment is vague or ambiguous. The indictment charging Rush with armed robbery fits the requirements found in U.R.C.C.C. 7.06 governing the form and content of indictments and is not vague or ambiguous. Rush's attorney did not err in not objecting to a valid indictment.
¶ 9. Next, Rush claims that his attorney was deficient by not explaining the nature and consequences of a guilty plea. This claim is also belied by the plea colloquy. The trial court fully explained the nature and consequences of pleading guilty, and Rush expressed that he understood the consequences of pleading guilty. Rush, once again, is unable to meet the *436 Strickland test. Strickland requires Rush to prove he would have received a different outcome but for the deficiency of his attorney.
¶ 10. Rush finds fault with defense counsel because he questioned no witnesses and did not obtain discovery. Rush also claims that defense counsel refused to go to trial. However, Rush does not provide the court with any facts, that if proven true, would affect the outcome of his case, and he supports these claims only with his own affidavit. Therefore, Rush has not shown prejudice or that the outcome of his case would have been different if his attorney had sought discovery. Furthermore, Rush testified at the plea hearing that he was satisfied with the services of his attorney. We find that Rush has not made a prima facie showing of ineffective assistance of counsel and that claim is without merit.

II. WHETHER AN EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED BASED ON RUSH'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. Rush argues that the trial court improperly ruled on his petition for post-conviction collateral relief without conducting an evidentiary hearing. The trial court denied Rush's petition based on the record of the plea hearing and all attached documents. According to Miss. Code Ann. § 99-39-11 (Rev.2000), "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Also, Miss.Code Ann. § 99-39-19 (Rev.2000) provides: "The court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material fact." A defendant's allegations of ineffective assistance of counsel must "raise sufficient questions of fact" to merit an evidentiary hearing. Walker v. State, 703 So.2d 266, 268 (Miss.1997).
¶ 12. Turning to the issue of a defendant's sworn testimony at a plea hearing, the court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), concluded that an evidentiary hearing is not necessary if the record of the plea hearing reflects that the defendant was advised of the rights of which he now claims he was not aware. When the record of the plea hearing belies the defendant's claims, an evidentiary hearing is not required. If the defendant's claims are totally contradicted by the record, the trial judge may rely heavily on the statements made under oath. Simpson v. State, 678 So.2d 712, 716 (Miss.1996). In Mowdy v. State, 638 So.2d 738, 743 (Miss. 1994), the court stated: "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand."
¶ 13. The denial of an evidentiary hearing was perfectly proper in this case. The transcript of the plea hearing completely contradicts each and every allegation on which Rush bases his claims of ineffective assistance of counsel.

III. WHETHER RUSH'S GUILTY PLEA WAS VOLUNTARY.
¶ 14. Rush argues that his guilty plea was involuntary because he did not understand the nature and consequences of a guilty plea. Rush supports this argument by contending that the State could not have obtained a guilty verdict without the weapon used to commit the armed robbery. Rush also argues that his plea was involuntary because he was not competent to enter a guilty plea because he was only *437 fourteen years old, his parents were not present, and he is illiterate.
¶ 15. According to U.R.C.C.C. Rule 8.04, a plea of guilty must be voluntarily and intelligently made and there must be a factual basis for the plea. The trial court must determine whether the defendant is competent to understand the nature of the charge, the nature and consequences of the plea, the minimum and maximum possible penalties and the right to trial. If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 16. Rush's claim that he did not understand the nature and consequences of pleading guilty is contradicted in the transcript of the plea hearing. The judge clearly informed Rush of the nature and consequences of pleading guilty and the right to trial which he would abdicate in the process of pleading guilty. When asked whether he fully understood what rights he was relinquishing by pleading guilty, Rush responded that he did.
¶ 17. Rush further claims that his plea was not voluntary because he was incompetent due to illiteracy. As previously stated, it is the duty of the trial court to determine whether a defendant is competent. The record of the hearing establishes that the trial court determined that Rush understood his rights pertaining to the plea process and the voluntariness of his actions. Rush's claim that his plea was not valid due to his illiteracy is without merit due to the trial court's thorough examination of Rush and Rush's own sworn testimony that his lawyer had read every paragraph of the plea petition to him.
¶ 18. Rush's claim that he was not competent to enter a guilty plea because he was only fourteen years old and his parents were not present is also without merit. When a minor is above the age when he is subject to the jurisdiction of the Youth Court he may enter a plea of "guilty" in the circuit court to an indictment charging him with a crime. Ellzey v. State, 196 So.2d 889, 892 (Miss.1967). Also, Miss.Code Ann. § 43-21-151 (Rev. 2000) states, "Any act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court." Miss. Code Ann. § 97-37-1 includes knives in the list of weapons.
¶ 19. The plea colloquy reflects that Rush agreed with the court that his birthday was November 23, 1982. The hearing took place on December 11, 1997. Based on his testimony, Rush was fifteen years old. Rush and his cohort used a knife in the commission of the robberies. Thus, the circuit court had jurisdiction to accept a guilty plea from the fifteen-year-old Rush. Rush's claim of incompetency is without merit.

IV. WHETHER RUSH'S SENTENCE WAS EXCESSIVE.
¶ 20. Rush argues that his sentence is excessive because it is the same sentence he would have received had he gone to trial. Rush was sentenced to twenty years imprisonment on each of the two counts of armed robbery, to be served concurrently. Section 97-3-79 of the Mississippi Code provides that a person convicted of armed robbery may be sentenced to a term not less than three years and up to life imprisonment if it is so fixed by a jury. Miss.Code Ann. § 97-3-79 (Rev. 2000). Rush's sentence is within the statutory limits. The Mississippi Supreme *438 Court has held that sentences which are within the statutory limits will generally not be held to be cruel and unusual punishment. Jackson v. State, 740 So.2d 832 (Miss.1999). See Sanders v. State, 678 So.2d 663 (Miss.1996); Baker v. State, 394 So.2d 1376 (Miss.1981). The United States Supreme Court held that reviewing courts should "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
¶ 21. Rush's sentence falls within the prescribed limits for the crime he committed. His sentence was not excessive.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.