# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01003-COA

**ALLEN GOUL**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ALLEN GOUL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA W. BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 06/27/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Allen Goul appeals the denial of his motion for post-conviction collateral relief (PCCR).  We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    Goul entered a plea of guilty to the charge of murder.  On September 1, 1993, Goul was sentenced to life in the custody of the Mississippi Department of Corrections.

¶3.    On April 18, 2016, Goul filed a pro se motion for PCCR and argued his guilty plea was involuntarily entered and he received ineffective assistance of counsel.  The circuit court

denied Goul's motion for PCCR as time-barred.  Goul now appeals.

## STANDARD OF REVIEW

¶4.     We will not disturb a circuit court's denial of a motion for PCCR unless the factual findings are clearly erroneous.  *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015).  However, questions of law are reviewed de novo.  *Id.*

## ANALYSIS

¶5.     Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2009), in case of a guilty plea, a motion for PCCR shall be filed "within three (3) years after entry of the judgment of conviction."  Here, Goul's judgment of conviction was entered September 1, 1993.  Thus, Goul had until September 1, 1996, to move for PCCR.  However, Goul did not file his motion for PCCR until April 18, 2016, almost twenty-three years after his conviction.  Consequently, Goul's motion is time-barred.

¶6.     Goul admits his motion for PCCR is untimely, but argues the severity of his claims warrants this Court's review.  We disagree.  Typically, "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]."  *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010).  However, claims of an involuntary guilty plea and ineffective assistance of counsel are not excepted from the time-bar, even though these claims involve fundamental constitutional rights. *Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)).  In fact, "since *Rowland*, only four types of 'fundamental rights' have been expressly found to survive PC[C]R procedural bars: (1) the right against double

jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). As Goul's claims are not excepted from the procedural bar, we find his motion for PCCR is time-barred.

¶7. Procedural bar notwithstanding, we find Goul's claims are meritless. Goul first claims his guilty plea was involuntarily entered. "A guilty plea is voluntarily and intelligently made if the circuit court 'advise[d] the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.'" *Berryhill v. State*, 197 So. 3d 938, 940 (¶7) (Miss. Ct. App. 2016) (quoting *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009)). "However, a 'plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements.'" *Id*. at 940-41 (¶7) (quoting URCCC 8.04(A)(3)). The petitioner has the burden of proving his plea is invalid. *Id*. at 941 (¶7).

¶8. The plea petition and the plea-hearing transcript both show Goul was advised of and understood his constitutional rights, the nature of the charge against him, the minimum and maximum sentences for the charge, and the consequences of his guilty plea. Goul signed the plea petition and initialed each paragraph of the petition.

¶9. Additionally, the plea transcript indicates Goul was advised and understood that the circuit court would determine his sentence, and that the circuit court was not obligated to accept or follow any advice or recommendations made by the State or his defense attorney. Having been so advised, Goul chose to proceed with his plea. Importantly, Goul represented to the circuit court that his decision to enter a guilty plea was his decision, and was not based

3

on threats, coercion, or any promises made to him. "Solemn declarations in open court carry a strong presumption of verity." *Id*. The record shows Goul's guilty plea was freely, voluntarily, knowingly, and intelligently entered. Thus, Goul's claim of an involuntary plea fails.

¶10. Goul next claims he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Goul must show: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Liddell v. State*, 7 So. 3d 217, 219 (¶6) (Miss. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To overcome this presumption, Goul "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶11. Goul claims his guilty plea was induced by deception, misrepresentation, and mistaken advice of counsel. Specifically, Goul asserts his counsel promised that in exchange for a guilty plea, he "would be brought back after seven years for reconsideration of sentence." However, the record does not support Goul's claim of ineffective assistance of counsel.

¶12. Both the plea petition and the plea transcript indicate Goul was satisfied with his counsel. Goul was advised and understood that his sentence was up to the circuit court regardless of any recommendation by or agreements between the State and defense counsel. As previously noted, Goul advised the circuit court, under oath, that his guilty plea was not based on any promises made to him.

4

¶13. Shortly after his conviction, Goul's counsel filed a motion for reconsideration of sentence. The circuit court did not rule on the motion, but found that "reconsideration of sentence at some future date could serve the interest of justice," and therefore retained jurisdiction over the matter. However, Goul's reliance on this order is misplaced, as the order does not mandate reconsideration of Goul's sentence, nor does it affect the validity of his guilty plea. Even assuming Goul had been brought back after seven years for reconsideration, the circuit court was not obligated to reconsider his sentence.

¶14. The record shows Goul was advised of the minimum and maximum sentences for the charge and the consequences of pleading guilty. Goul voluntarily entered his guilty plea with the knowledge and understanding of the same. Simply because the circuit court has failed to reconsider his sentence does not amount to ineffective assistance of counsel, nor does it warrant PCCR.

¶15. Goul has failed to show that his counsel's performance was deficient, and that the alleged deficiency prejudiced his defense. Goul has failed to show that, but for counsel's errors, the result of the proceeding would have been different. Accordingly, Goul's claim of ineffective assistance of counsel fails.

CONCLUSION

¶16. We find Goul's motion for PCCR is procedurally barred, and no statutory exceptions apply. Accordingly, we affirm the circuit court's denial of Goul's motion for PCCR.

¶17. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**