# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00433-COA

**OCEAN ROBERSON A/K/A OCEAN TRAVELL ROBERSON**     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2018 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OCEAN ROBERSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Ocean Travell Roberson, appearing pro se, appeals the Winston County Circuit Court's denial of his motion for postconviction relief (PCR motion).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In or around March 2015, Roberson was indicted on one count of statutory rape of a child under fourteen-years old in violation of Mississippi Code Annotated Section 97-3-65(1)(b) (Rev. 2014).  In May 2015, Roberson pleaded guilty, and the circuit court sentenced him to twenty years in the custody of the Mississippi Department of Corrections, with twelve

years suspended and the remaining eight years to serve.

¶3.     Roberson filed a PCR motion in 2018 alleging that (1) his counsel's representation was ineffective, (2) his indictment was defective and invalid, (3) the State prosecuted him under an invalid indictment, (4) he was improperly convicted under the invalid indictment, and (5) his guilty plea was not voluntarily, knowingly, or intelligently given.[1]  The circuit court denied Roberson's PCR motion, and he appeals.

## STANDARD OF REVIEW

¶4.     "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Alexander v. State*, 228 So. 3d 338, 340 (¶7) (Miss. Ct. App. 2017).

## DISCUSSION

### I.     Assistance of Counsel

¶5.     Roberson asserts that he received ineffective assistance of counsel because his trial counsel failed to investigate and object to his indictment.  Roberson maintains that the absence of his date of birth and the victim's date of birth rendered the indictment invalid.

¶6.     "An ineffective-assistance-of-counsel claim requires a showing that (1) counsel's performance was deficient, and (2) this deficient performance resulted in prejudice to the defendant." *Moore v. State*, 248 So. 3d 845, 850-51 (¶14) (Miss. Ct. App. 2017) (citing

---

[1] We combine and discuss the issues for efficiency.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of a guilty plea, one must show counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea." *Id*. (internal quotation marks omitted).

¶7. Roberson's indictment reads in part:

> On or about January 1, 2015, in Winston County, Mississippi, and within the jurisdiction of this court, did willfully, unlawfully, intentionally and feloniously have sexual intercourse with [J.H.], a female child under the age of fourteen (14) years, when she the said [J.H.] was twenty four (24) or more months younger than the said Ocean Travell Roberson, and the said [J.H.] was not the spouse of Ocean Travell Roberson, in violation of Miss. Code Ann. § 97-3-65-(1)(b), and against the peace and dignity of the State of Mississippi.

¶8. This Court addressed the issue of a trial counselor's failure to object to an indictment in *Rush v. State*, 811 So. 2d 431 (Miss. Ct. App. 2001). In that case, Rush claimed "that his attorney erred in not objecting to the indictment which Rush define[d] as vague and ambiguous." *Id*. at 435 (¶8). This Court held that Rush's indictment met "the requirements found in [UCRCCC] 7.06[2] governing the form and [the] content of [the] indictment [and was] not vague or ambiguous." *Id*. at 435 (¶8). As a result, we held that "Rush's attorney did not err in not objecting to a valid indictment." *Id*.

¶9. Here, the record reflects that Roberson's indictment fits the requirements found in Rule 7.06. The rule states the following:

---

[2] At the time Roberson entered his guilty plea, the Uniform Civil Rules of Circuit and County Court were still in effect. But, the language contained in this rule is now found in Rule 14.1(a) of the Mississippi Rules of Criminal Procedure.

3

The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:

1. The name of the accused;

2. The date on which the indictment was filed in court;

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

4. The county and judicial district in which the indictment is brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury issuing it; and

7. The words "against the peace and dignity of the state."

The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations or aliases.

UCRCCC 7.06.

¶10.    Moreover, "[i]n situations where the issue of ineffective assistance of counsel is addressed in a petition for post-conviction relief, the allegation must be alleged with specificity." *Rush*, 811 So. 2d at 434 (¶4).  Here, Roberson has presented no evidence to support that his attorney was ineffective.  "A petitioner must produce 'more than conclusory allegations on a claim of ineffective assistance of counsel.'" *McCray v. State*, 107 So. 3d 1042, 1045 (¶12) (Miss. Ct. App. 2012).  "Bare allegations are insufficient to prove

4

ineffective assistance of counsel." *Id*.

¶11.   Roberson has not presented any evidence to support his assertion that trial counsel failed to do something that should have been done while representing Roberson.  In fact, Roberson informed the circuit court that he had an opportunity to go over the charges he faced with his attorney and that he was completely satisfied with his attorney's representation.  Accordingly, we find that this issue lacks merit.

## II.   Indictment

¶12.   Roberson claims that his indictment was defective and violated his due process rights because of the omission of certain dates of birth and names.  It is unclear what "names" are omitted from the indictment because both Roberson's and his victim's names are listed in the indictment.

¶13.   Roberson was convicted under Mississippi Code Annotated section 97-3-65(1)(b).  This code section states:

> (1) The crime of statutory rape is committed when:
>
> . . . .
>
> (b) A person of any age has sexual intercourse with a child who:
>
> (i) Is under the age of fourteen (14) years;
>
> (ii) Is twenty-four (24) or more months younger than the person; and
>
> (iii) Is not the person's spouse.

*Id*.

5

¶14.    Roberson's indictment contains the elements of the crime found in section 97-3-65(1)(b), and the circuit court found that Roberson's indictment placed him on notice of his charges.  "An indictment's primary purpose is to inform the defendant of the charges against him so as to allow him to prepare an adequate defense."  *Gordon v. State*, 977 So. 2d 420, 429 (¶24) (Miss. Ct. App. 2008).

¶15.    Even if the absence of the dates of birth had been defects in the indictment, we have ruled that "a valid guilty plea admits all elements of a criminal charge and waives all non-jurisdictional defects contained in the indictment." *Ford v. State*, 911 So. 2d 1007, 1012 (¶13) (Miss. Ct. App. 2005).

¶16.    Additionally, Roberson cites no legal authority to support his assertion that the indictment must contain the age of the victim and his date of birth.  "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *King v. State*, 239 So. 3d 508, 512 (¶18) (Miss. Ct. App. 2017).  Accordingly, we find that this issue lacks merit.

### III.    Amending the Indictment

¶17.    Roberson asserts that the circuit court erred by not amending the indictment to include his date of birth, the date of birth of the victim, and the words "a human being."  But, Roberson fails to cite any legal authority in support of his claims.

¶18.    Furthermore, having determined the validity of the indictment in the aforementioned section, we find that this issue lacks merit.

### IV.     Factual Basis for Roberson's Guilty Plea

¶19.    Roberson maintains that there was insufficient evidence offered by the State to prove that he had sexual intercourse with the victim.  But, "[a] voluntary guilty plea waives the requirement that the prosecution prove each element of the offense." *Singleton v. State*, 213 So. 3d 521, 524 (¶6) (Miss. Ct. App. 2016).  The following is an excerpt from Roberson's plea colloquy:

> THE COURT:     The Court will hear from the State on the factual basis of the charge.
>
> THE STATE:     Yes, Sir, Your Honor, if this case were to go to trial, the State's evidence would show that on or about January 1, 2015 in Winston County Mississippi, this defendant, Ocean Travell Roberson, did willfully, unlawfully, intentionally, and feloniously have sexual intercourse with [J.H.], a female child under the age of 14 years when she, the said [J.H.] was 24 or more months younger than this defendant, Ocean Roberson, and the said [J.H.] was not the spouse of Ocean Travell Roberson.  Further, Your Honor, the State would put on evidence of testimony from the victim along with the victim's mother who caught the defendant red-handed actually in the house of the victim's mother and the victim.  He was actually found in her bedroom.
>
> THE COURT:     Mr. Roberson, you have heard the facts the State would intend to prove at trial if the case were to go to trial; do you agree with those facts?
>
> ROBERSON:     Yes, sir.
>
> THE COURT:     Are you pleading guilty because you are, in fact, guilty?
>
> ROBERSON:     Yes, sir.

7

¶20. The transcript of Roberson's plea hearing clearly reflects that he was informed of the essential elements, nature of the charges against him, and the facts surrounding his guilty plea. Therefore, we find that this issue lacks merit.

**V.    Plea**[3]

¶21. Roberson also asserts that he did not enter his plea voluntarily, knowingly, and intelligently because his defense counsel did not explain what was taking place. We disagree.

¶22. "A guilty plea is voluntarily and intelligently made if the circuit court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Goul v. State*, 223 So. 3d 813, 815 (¶7) (Miss. Ct. App. 2017) (internal quotation marks omitted). But, "a plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements." *Id.* (internal quotation mark omitted). Roberson was informed that he was waiving certain constitutional rights by entering his guilty plea. Furthermore, Roberson stated that his guilty plea was not induced by fear or force. The following is an excerpt from Roberson's plea colloquy:

> THE COURT:    Are you under the influence of any drugs or alcohol or intoxicants at this time?
>
> ROBERSON:    No, sir.
>
> . . . .

---

[3] Roberson offers no argument as to whether he knowingly or intelligently entered the guilty plea.

8

THE COURT: Has anybody offered you any reward, hope of reward, given you a promise, or money or anything of value to get you to plead guilty?

ROBERSON: No, sir.

THE COURT: Has anybody threatened you or frightened you or forced you into entering this plea of guilty?

ROBERSON: No, sir.

THE COURT: Is this plea of guilty your free and voluntary act?

ROBERSON: Yes, sir.

. . . .

THE COURT: Also, there is not any chance of probation or parole on this type of offense. A sex offense is a day for day sentence; do you understand that?

ROBERSON: Yes, sir.

THE COURT: Now, have you had an opportunity to go over the charges that have been brought against you in this case with your attorney, Mr. Vollor?

ROBERSON: Yes, sir.

THE COURT: Has he advised you of the elements of the crime of statutory rape of a child over 14 years, that being the facts the State would have to prove before you could be found guilty?

ROBERSON: Yes, sir.

THE COURT: Has he also discussed with you any possible defenses you might have to the charge?

ROBERSON: Yes, sir.

THE COURT: Has Mr. Vollor met the expectations of what you believe a lawyer representing you in this case should do for you?

ROBERSON: Yes, sir.

¶23. The record reflects that Roberson understood the charges against him and that his guilty plea was a free and voluntary act. Furthermore, the record demonstrates that Roberson's trial counsel discussed the nature of the charges against him. Therefore, we find that this issue is meritless.

## VI. Cumulative Errors

¶24. Roberson contends that cumulative errors "infected the trial court's fairness and his fundamental rights." "Under the cumulative-error doctrine, individual errors may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Carson v. State*, 161 So. 3d 153, 158 (¶14) (Miss. Ct. App. 2014) (internal quotation mark omitted). Here, Roberson entered a plea of guilty, and his indictment was a valid charging instrument. Therefore, "where there is no error in part, there can be no reversible error to the whole." *Id*. Accordingly, we find that the circuit court properly denied Roberson's PCR motion and this issue lacks merit.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. C. WILSON, J., NOT PARTICIPATING.**