# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00023-COA

**TOMMY YOUNG, JR. A/K/A TOMMY YOUNG A/K/A TOMMIE YOUNG, JR. A/K/A TOMMIE YOUNG**                                APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/2020 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | TOMMY YOUNG JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WILSON, P.J., FOR THE COURT:

¶1. Pursuant to a plea agreement, Tommy Young Jr. pled guilty to eight charges, and the circuit court sentenced him to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Young later filed a motion for post-conviction relief (PCR), alleging that he pled guilty out of "fear of retribution from" an assistant district attorney and his associates. The circuit court summarily dismissed Young's PCR motion because his allegations were uncorroborated and were refuted by Young's own sworn statements at his plea hearing. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. In July 2015, Young pled guilty to two counts of armed robbery, two counts of simple robbery, three counts of simple carjacking, and one count of armed carjacking. In exchange for his guilty plea, the State agreed to nolle prosequi seven other charges. The Hinds County Circuit Court sentenced Young to serve fifteen years in MDOC custody.

¶3. In March 2018, Young filed a PCR motion in the circuit court. He alleged that his "plea was not voluntarily made" because it "was made in fear of retribution from those associated with [former Hinds County Assistant District Attorney] Ivon Johnson." Young alleged that prior to his guilty plea, he contacted FBI agents with evidence that "he had been a victim of extortion by Johnson." According to Young, when the FBI agents said they could not intervene and delay his criminal case, he had no choice other than to plead guilty. Young claimed that if he had not pled guilty, Johnson would have learned that Young was cooperating with law enforcement, and "his life [would have been] in danger." Young stated that if his PCR motion was "set for a hearing," he would "be able to produce various records and individuals with law enforcement who would corroborate" his claims. However, Young's motion failed to identify any such records or persons who could corroborate his story. Young subsequently filed another motion asking the court to set aside his sentence or, in the alternative, grant him an evidentiary hearing. However, Young again failed to identify any evidence or other persons who could corroborate his allegations.

¶4. The circuit court dismissed Young's PCR motion without a hearing. In its ruling, the court relied on *Young v. State*, 731 So. 2d 1120 (Miss. 1999), which held that when a PCR

2

petitioner's "affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant," "the court can conclude that the affidavit is a sham" and that "no hearing is required." *Id.* at 1122-23 (¶10). Young appealed.

## ANALYSIS

¶5.     On appeal, Young argues that the circuit court erred by dismissing his PCR motion without holding an evidentiary hearing. However, because Young's own sworn statements at his plea hearing refute Young's allegations, no evidentiary hearing was required.

¶6.     "A guilty plea is voluntarily and intelligently made if the circuit court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Goul v. State*, 223 So. 3d 813, 815 (¶7) (Miss. Ct. App. 2017) (quotation marks and brackets omitted); *see* MRCrP 15.3(c)-(d). "However, a plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements." *Goul*, 223 So. 3d at 816 (¶7) (quotation marks omitted). In a PCR proceeding, "[t]he petitioner has the burden of proving his plea is invalid." *Id.*

¶7.     In this case, prior to accepting Young's plea, the circuit court advised Young of his constitutional rights, the nature of the charges against him, and the minimum and maximum sentence for each charge. Furthermore, Young stated under oath that no one had "made any promises to [him], any threats to [him] or otherwise coerced [him] in any way whatsoever in order" to get him to plead guilty.

¶8.     "Solemn declarations in open court carry a strong presumption of verity." *Harris v.*

3

*State*, 806 So. 2d 1127, 1130 (¶9) (Miss. 2002) (quoting *Baker v. State*, 358 So. 2d 401, 403 (Miss. 1978)). The circuit court properly advised Young and ascertained that his plea was voluntarily and intelligently made. MRCrP 15.3(c)-(d). Based on Young's own sworn statements at his plea hearing, which "carry a strong presumption of verity," his claim that his plea was involuntary is without merit.

¶9. In his PCR motion, Young alleges that—contrary to his prior sworn statements—his plea was coerced by "fear of retribution from" an assistant district attorney or his associates. However, Young has failed to provide any other evidence or affidavits to support his claim. As the circuit court correctly recognized, "[the Mississippi Supreme] Court has stated that when the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement, an evidentiary hearing is not required." *Young*, 731 So. 2d at 1123 (¶12); *accord, e.g.*, *Hoyt v. State*, 952 So. 2d 1016, 1023 (¶23) (Miss. Ct. App. 2007); *see also Williams v. State*, 4 So. 3d 388, 392 (¶11) (Miss. Ct. App. 2009) ("A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing."). Because Young failed to support his claims, and because his claims are directly contradicted by his own sworn statements at his plea hearing, no evidentiary hearing was required. Moreover, the circuit court did not err or abuse its discretion by dismissing Young's PCR motion.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**