# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00120-COA

**RANDY PHILLIPS A/K/A RANDY MELVILLE PHILLIPS**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/2021 |
| TRIAL JUDGE: | HON. JOHN H. EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RANDY PHILLIPS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/25/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Randy Phillips pled guilty to felony shoplifting in 2013. The State initially recommended the court sentence Phillips to ten years in custody with five years to serve, and five years of post-release supervision. During the plea hearing, the Rankin County Circuit Court rejected the State's recommendation based on Phillips' prior felony convictions and informed Phillips that the court would sentence him to serve ten years in the Mississippi Department of Corrections (MDOC) if he still wanted to plead guilty. Phillips chose to proceed, and the circuit court sentenced Phillips to serve ten years in the custody of the MDOC.

¶2. On November 23, 2020, Phillips filed a motion for post-conviction collateral relief (PCR) in Rankin County Circuit Court, claiming his plea was involuntary because the circuit court failed to give him the opportunity to withdraw his guilty plea after the court informed him it would not accept the State's recommendation for his sentence.[1] He further claimed that he received an illegal sentence as a result of the court's error.

¶3. The circuit court found that Phillips' PCR motion was time-barred and failed to meet any exception to the procedural bar and therefore dismissed Phillips' PCR motion. Phillips appealed pro se. After review, we find no error and affirm.

## STANDARD OF REVIEW

¶4. Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) provides that the trial court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous[.]" *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015). We review questions of law de novo. *Id*.

## ANALYSIS

¶5. At the outset, we recognize that the trial court correctly determined that Phillips' motion was time-barred. A defendant who pleads guilty to a charge has three years after

---

[1] In his PCR motion, Phillips also made identical claims about two separate guilty pleas of possession of a controlled substance from 2019. Because Phillips only appeals the issue in regard to his 2013 conviction, we need not address his guilty pleas for his 2019 convictions.

entry of the judgment of conviction to apply for relief under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020). Phillips pled guilty in 2013, and he filed this PCR motion in 2020.

¶6. To circumvent that procedural bar, Phillips must assert a cognizable claim involving the violation of a fundamental constitutional right. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (citation and internal quotation marks omitted).

¶7. Here, Phillips claims his plea was involuntary and that he received an illegal sentence. It is well-settled that "a claim of an involuntary guilty plea does not surmount the procedural bar." *Vitela v. State*, 183 So. 3d 104, 107 (¶12) (Miss. Ct. App. 2015). But the right to be free from an illegal sentence is a fundamental constitutional right. *Bosarge v. State*, 141 So. 3d 24, 26 (¶7) (Miss. Ct. App. 2014). An illegal sentence is one that "does not conform to the applicable penalty statute." *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013) (citation and internal quotation marks omitted).

¶8. Phillips pled guilty to felony shoplifting pursuant to Mississippi Code Annotated section 97-23-93(7) (Rev. 2006). At the time of Phillips' guilty plea on August 7, 2013, for the alleged offense in December 2012, that section stated, "A person convicted of shoplifting merchandise for which the merchant's stated price exceeds Five Hundred Dollars ($500.00) shall be guilty of a felony and, upon conviction, punished as provided in Section 97-17-41

3

for the offense of grand larceny." Miss. Code Ann. § 97-23-93(7) (Rev. 2006).  Section 97-17-41 stated, "Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. . . ."  Miss. Code Ann. § 97-17-41(1) (Rev. 2006).  Phillips was sentenced to serve ten years in the custody of the MDOC.  Because Phillips' sentence was within the parameters prescribed by statute, he did not receive an illegal sentence.  Therefore, Phillips has not overcome the procedural bar.

¶9.    Notwithstanding the procedural bar, Phillips' claim that his plea was involuntary is without merit.  "A guilty plea is voluntarily and intelligently made if the circuit court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea."  *Goul v. State*, 223 So. 3d 813, 815 (¶7) (Miss. Ct. App. 2017) (internal quotation marks omitted) (citing URCCC 8.04(A)(3)); *accord* MRCrP 15.3(c)-(d).  The transcript from Phillips' plea hearing shows that the court read Phillips his indictment for felony shoplifting and asked Phillips if he understood the elements of that crime.  Phillips responded that he did.  The court informed Phillips of his rights and ensured that Phillips was aware of the rights he was waiving by pleading guilty.  The court also informed Phillips of the minimum and maximum periods of incarceration.  When the court asked Phillips if he had any prior felony convictions, Phillips listed several, including second-degree robbery, grand larceny, and possession of methamphetamine.  Then, the following exchange occurred:

4

**The Court:** All right. Mr. Phillips, you've told me about a number of felony convictions that the State contends it was not aware of when [it] made the offer in your case. And, quite honestly, based upon those numbers of convictions that you have, I wouldn't follow the recommendation that's contained in this petition . . . basically, you would be looking at 10 years as it relates to [this charge]. Knowing that, do you still wish to go forward with the plea?

**The Defendant:** I do.

After that exchange, the court asked Phillips two more times if he still wished to go forward with his guilty plea even though the court would not be following the State's recommendation:

**The Court:** All right. The bottom line is, knowing that this recommendation is not going to be followed, do you still want to go forward with your guilty plea?

**The Defendant:** Yes. Yes I do.

. . . .

**The Court:** And because of all these priors, you're subject to being charged, tried and convicted as a habitual offender which means if you are you'd have to serve the maximum punishment authorized by law . . . knowing all these things, do you wish to go forward with your plea?

**The Defendant:** I do.

After review, this Court finds that the record undoubtedly shows that Phillips' plea was intelligent and voluntary. Accordingly, we find that the circuit court correctly ruled that Phillips' PCR motion was time-barred, and it is without merit. Therefore, we affirm.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**

5